IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDY and KAREN O'BURKE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) NO. 3:19-cv-01167 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| HENDERSONVILLE HOSPITAL | ) MAGISTRATE JUDGE |
| CORPORATION d/b/a TRISTAR | ) HOLMES |
| HENDERSONVILLE MEDICAL | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Summary Judgment filed by Defendant Michael James Noto, M.D. ("Dr. Noto") and Defendant Jayesh A. Patel, M.D. ("Dr. Patel") (collectively "Defendants"). (*See* Doc. No. 86). Plaintiffs Randy and Karen O'Burke (collectively "the O'Burkes") filed a response in opposition (Doc. No. 95), and Dr. Noto and Dr. Patel filed a reply (Doc. No. 98). For the reasons discussed below, the motion is **DENIED**.

### I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## II. ANALYSIS

This is a health care liability case arising from Mr. O'Burke's stay at Hendersonville Medical Center between August 30 and September 2, 2018. (*See* First Amended Complaint, Doc. No. 40). Subsection (a) of Tennessee Code Annotated section 29–26–115 sets forth the elements a plaintiff must establish in a health care liability action: (1) the applicable standard of care, (2) a deviation from the standard of care, and (3) an injury caused by the deviation from the standard of care. Tenn. Code Ann. § 29-26-115(a); *Young v. Frist Cardiology, PLLC*, 599 S.W.3d 568, 571 (Tenn. 2020). "Generally, the evidence required by section 29-26-115(a) must be proven through the testimony of a qualified expert witness." *Young*, 599 S.W.3d at 571 (citations omitted).

Through their pending motion, Dr. Noto and Dr. Patel challenge the O'Burke's ability to satisfy the third element of their claims. As grounds, Dr. Noto and Dr. Patel do not argue the O'Burkes lack competent expert testimony to meet this element; rather, they argue that the O'Burkes *will* lack such evidence *if* the Court grants Defendants' contemporaneously filed motion

2

to exclude Motion to Exclude Expert Testimony of Bobby Shah, M.D. (Doc. No. 89). (*See* Doc. No. 86 ¶¶ 9-10). On June 29, 2022, the Court denied Defendants' motion to exclude Dr. Shah. (Doc. No. 146). Accordingly, the motion for summary judgment is **DENIED**.

It is so **ORDERED**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE